# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of Southwest Corporate Federal Credit Union and Members United Corporate Federal Credit Union, <br><br>                                *Plaintiff*, <br><br> v. <br><br> BARCLAYS CAPITAL, INC., <br><br>                                *Defendant*. | Case No. 13-cv-6727 (DLC) |

## MEMORANDUM OF LAW IN SUPPORT OF THE
## SETTLING PARTIES' JOINT MOTION FOR A BAR ORDER

## PRELIMINARY STATEMENT

This Joint Motion arises from the settlement of claims between NCUA and Barclays (the "Settling Parties").[1] The Settling Parties have agreed that NCUA's claims against Barclays in two of these coordinated cases (the *Barclays Kansas Action* and the *Barclays New York Action*)[2] should be dismissed, and will file stipulations of dismissal once a ruling is issued on this motion. Barclays was the only defendant in those actions. NCUA has, however, brought claims against three other defendants –RBS, Fremont, and Goldman[3] – with respect to two RMBS Certificates at issue in the *Barclays Kansas Action* (the "Overlapping Securities").[4] A term of the settlement is that the Settling Parties agree to seek the entry of appropriate orders barring claims by other defendants and other alleged tortfeasors (the "Non-Settling Defendants") against Barclays for contribution or indemnity in connection with the Overlapping Securities.

---

[1] "NCUA" refers to the National Credit Union Administration Board, as liquidating agent for four credit unions (the "Credit Unions"): U.S. Central Federal Credit Union ("U.S. Central"), Western Corporate Federal Credit Union ("WesCorp"), Southwest Corporate Federal Credit Union ("Southwest"), and Members United Corporate Federal Credit Union ("Members United"). "Barclays" refers collectively to Barclays Capital Inc., BCAP LLC, and Securitized Asset Backed Receivables LLC.

[2] *NCUA v. Barclays Capital, Inc.*, No. 12-2631 (D. Kan.) ("*Barclays Kansas Action*"); *NCUA v. Barclays Capital, Inc.*, No. 13-6727 (S.D.N.Y.) ("*Barclays New York Action*").

[3] "RBS" refers to RBS Securities, Inc. and RBS Acceptance Inc.; "Fremont" refers to Fremont Mortgage Securities Corp.; and "Goldman" refers to Goldman, Sachs & Co. and GS Mortgage Securities Corp.

[4] The Overlapping Securities were purchased from FHLT 2006-D (CUSIP #35729VAE7 and CUSIP #35729VAF4) by U.S. Central. With respect to the Overlapping Securities, NCUA brought Section 11 claims against Barclays in the *Barclays Kansas Action*, Section 11, Section 12 and Kansas Blue Sky law claims against RBS in *NCUA v. RBS Sec., Inc.*, No. 11-2340 (D. Kan.) ("*RBS Kansas Action*"), Section 11 claims against Fremont in the *RBS Kansas Action*, and Section 11 claims against Goldman in *NCUA v. Goldman, Sachs & Co.*, No. 11-6521 (C.D. Cal.) ("*Goldman California Action*"). NCUA has filed identical versions of this motion in the *Barclays Kansas Action*, *Barclays New York Action*, *RBS Kansas Action*, and the *Goldman California Action*.

- 1 -

Courts have recognized that orders barring contribution and indemnity are key to enabling settlements involving fewer than all defendants and alleged tortfeasors in complex litigation such as these coordinated cases. The Second, Ninth, and Tenth Circuits have all recognized that such orders are desirable and permissible in appropriate cases, and two of the judges presiding over these coordinated cases have entered similar orders in earlier cases. *See, e.g., In re WorldCom, Inc. Sec. Litig.*, 2005 WL 613107, at *9-11 (S.D.N.Y. Mar. 15, 2005) (Cote, J.); *Aks v. Southgate Trust Co.*, 1992 WL 401708, at *16-17 (D. Kan. Dec. 24, 1992) (Lungstrum, J.). Judge Cote also entered similar bar orders in several of the cases in the related FHFA litigation, on which the parties' proposed Contribution Bar Order ("Proposed Order") has been modeled.

The Proposed Order, appended as Exhibit A, would in substance (1) bar any claims against Barclays for contribution or indemnity, including any claims to recover all or part of any judgment or settlement against a Non-Settling Defendant that arise out of NCUA's claims with respect to the Overlapping Securities; (2) bar Barclays from asserting claims against any Non-Settling Defendant for contribution or indemnity for all or part of Barclays' settlement payment to NCUA; and (3) provide a judgment credit for any Non-Settling Defendant with respect to the Overlapping Securities. A Non-Settling Defendant's judgment credit will be the *greater* of the amount for which Barclays actually settled (as to a particular Overlapping Security) or Barclays' proportionate share of fault for NCUA's losses as proven at trial. That provision treats any Non-Settling Defendant at least as generously as otherwise applicable law governing any contribution or indemnity rights the credit recipient might be able to assert against Barclays.

The Proposed Order also protects the confidentiality of the specific amounts associated with the settlement of NCUA's claims based on each of the RMBS at issue. That information

may need to be shared with a Non-Settling Defendant or submitted to a court in order to give effect to the judgment credit provisions, but otherwise warrants treatment as highly confidential information due to the manifest potential for prejudice to NCUA or to Barclays in other litigation. That remains true even though the total settlement figure has been publicly disclosed. It is appropriate to maintain the confidentiality of the settlement amounts for specific Certificates to avoid prejudice to NCUA in litigation against other RMBS defendants or to Barclays in litigation against other RMBS plaintiffs.

The Proposed Order will promote the prompt and efficient resolution of these and other RMBS disputes, while protecting all legitimate interests of the Settling Parties and of all Non-Settling Defendants. For all these reasons and those discussed below, the Settling Parties respectfully request that the Court enter the Proposed Order substantially in the form attached as Exhibit A.

## ARGUMENT

### I. The Proposed Contribution Bar Order Serves the Public Interest in Resolving Complex Litigation and Protects the Rights of Non-Settling Parties

"'[W]here a case is complex and expensive, and resolution of the case will benefit the public, the public has a strong interest in settlement.'" *In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 202 (2d Cir. 2006) (quoting *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 856-57 (2d Cir. 1998)), *abrogated on other grounds by FTC v. Actavis, Inc.*, 133 S. Ct. 2223 (2013); *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) (noting the "overriding public interest in settling and quieting litigation," especially in complex cases); *see also In re WorldCom, Inc. ERISA Litig.*, 339 F. Supp. 2d 561, 567 (S.D.N.Y. 2004) (Cote, J.) (observing that the "importance of settlement to . . . complex litigation . . . is indisputable").

- 3 -

Because "an unlimited right to seek contribution would surely diminish the incentive to settle" complex cases involving multiple parties, settling parties often include in their settlement agreement a provision that requires the parties to seek an order "that bar[s] contribution and indemnification claims between the settling defendants and non-settling defendants." *In re WorldCom, Inc. Sec. Litig.*, 2005 WL 591189, at *5 (S.D.N.Y. Mar. 14, 2005) (internal quotation marks and citation omitted); *see also Denney v. Deutsche Bank AG*, 443 F.3d 253, 273 (2d Cir. 2006) (explaining that without bar orders, defendants are unlikely to consent to settlement because such a "settlement would not bring . . . much peace of mind" (internal quotation marks and citation omitted)); *Franklin*, 884 F.2d at 1229 ("'Anyone foolish enough to settle without barring contribution is courting disaster.'") (quoting *In re Nucorp Energy Sec. Litig.*, 661 F. Supp. 1403, 1408 (S.D. Cal. 1987)); *Aks*, 1992 WL 401708, at *12 (Lungstrum, J.) ("Contribution inhibits settlement, particularly in complex, multiple defendant actions such as this."). Thus, courts in the Second, Ninth, and Tenth Circuits routinely enter bar orders when requested by settling parties in order to protect settling defendants from claims for contribution or indemnity by non-settling persons. *See, e.g., Gerber v. MTC Elec. Techs. Co.*, 329 F.3d 297, 307 (2d Cir. 2003); *Franklin*, 884 F.2d at 1231-32; *FDIC v. Geldermann, Inc.*, 975 F.2d 695, 698 (10th Cir. 1992); *In re WorldCom, Inc. Sec. Litig.*, No. 02-3288, 2004 WL 2591402, at *14-15 (S.D.N.Y. Nov. 12, 2004) (Cote, J.); *Aks*, 1992 WL 401708, at *16.[5]

The Proposed Order is consistent with bar orders approved by the Second Circuit in *Gerber*, 329 F.3d at 303, the Ninth Circuit in *Franklin*, 884 F.2d at 1232, and with guidance

---

[5] *See also, e.g., Eichenholtz v. Brennan*, 52 F.3d 478, 482 n.8, 487 (3d Cir. 1995) (approving bar order extinguishing claims for contribution and indemnification however denominated); *In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 493 n.2, 496 (11th Cir. 1992) (approving bar order extinguishing all claims for contribution or indemnity against the settling defendants).

provided by the Tenth Circuit in *TBG, Inc. v. Bendis*, 36 F.3d 916 (10th Cir. 1994). It also tracks the language of bar orders previously approved by Judge Cote in the related FHFA litigation, including a bar order sought and obtained by RBS;[6] and is consistent with a similar order entered by Judge Lungstrum in *Aks*, 1992 WL 401708, at *16-17. It is no broader than necessary to protect the legitimate interests of the Settling Parties, and it fully protects the interests of the Non-Settling Defendants.

The Proposed Order is no broader than necessary because "'the only claims that are extinguished are claims where the injury is the non-settling defendants' liability to the plaintiffs.'" *WorldCom*, 2005 WL 591189, at *10 (emphasis omitted) (quoting *Gerber*, 329 F.3d at 307); *see also TBG*, 36 F.3d at 928 (recognizing that courts have "allowed bar orders" that cover "claims in which the damages are 'measured by' the defendant's liability to the plaintiff"). The Proposed Order meets that requirement because it bars only claims that

> seek[] to recover from the Settling Defendant [*i.e.*, Barclays] any part of any judgment entered against the Non-Settling Defendants and/or any settlement reached with any of the Non-Settling Defendants, in connection with any claims that are or could have been asserted against the Non-Settling Defendants that arise out of or relate to the Overlapping Certificates . . . .

Ex. A, at 3-4. That language (identical to the language of bar orders approved and entered by Judge Cote in the FHFA cases, *see supra* note 6), adequately ensures that Non-Settling Defendants will be barred from asserting only claims that are based on the Non-Settling Defendants' actual or potential liability to NCUA.[7] Moreover, the Proposed Order is as narrowly

---

[6] *See, e.g.*, Order of Voluntary Dismissal with Prejudice and Bar Order, No. 11-7010, ECF No. 931 (S.D.N.Y. June 30, 2014) (RBS bar order); Order of Voluntary Dismissal with Prejudice and Bar Order, No. 11-7010, ECF No. 884 (S.D.N.Y. May 9, 2014) (Barclays bar order).

[7] The Proposed Order defines "Non-Settling Defendants" to include alleged joint tortfeasors that NCUA has not yet named in these consolidated cases. *See* Ex. A, at 3. That definition gives Barclays necessary protection against any contribution or indemnity claims by any such unnamed alleged tortfeasors, while providing any such potential parties with the dual

drawn as possible; it relates only to the Overlapping Securities (two certificates in a single RMBS). *See* Ex. A, at 3.

The Proposed Order fully protects the interests of the Non-Settling Defendants because – like the judgment credit provision upheld in *Gerber* – it "award[s] a credit that is at least the settling defendants' proven share of liability." 329 F.3d at 303 (explaining that such a provision is sufficient to "protect[]" the "rights" of "non-settling defendants" without requiring a separate judicial "determination of the fairness of the settlement"); *see Pinnacle West*, 51 F.3d at 197 (explaining that such a "proportionate judgment" approach ensures that non-settling defendants are "not prejudiced" but instead "are left in the same position they would have been if the other parties had not settled") (internal quotation marks omitted); *Aks*, 1992 WL 401708, at *13 (finding that a judgment credit based on a "proportionate offset" strikes an appropriate "balance between the objectives of contribution and settlement").

Specifically, the Proposed Order entitles the Non-Settling Defendants to "a judgment credit in an amount that is the greater of a) the amount of [NCUA's] settlement with Barclays Capital in the Settled Actions allocated to the Overlapping Securities . . . or b) for each such claim, state or federal, on which contribution or indemnity is available, the proportionate share of Barclays Capital's fault as proven at trial." Ex. A, at 4-5. That is, the Non-Settling Defendants can elect either to accept a credit for the full amount of Barclays' settlement attributable to the Overlapping Securities, or prove that Barclays' proportionate share of liability was greater than

---

protections of a judgment credit and a bar against Barclays suing them for any part of its settlement with NCUA. Courts have approved bar orders like this one that extend to unnamed tortfeasors. *See supra* note 6 (FHFA bar orders); *In re WorldCom, Inc. Sec. Litig.*, 2005 WL 2010153, at *1 (S.D.N.Y. Aug. 23, 2005) (Cote, J.); *cf. In re Consol. Pinnacle West Sec. Litig./RTC-Merabank Litig.*, 51 F.3d 194, 197 (9th Cir. 1995) (approving bar order that extended to the benefit of a non-party).

the amount for which it settled (and then receive a credit for that greater share). It thus entitles the Non-Settling Defendants to at least as large an offset as they could otherwise have received at trial, and potentially a larger one.[8] That approach mirrors the judgment-credit provisions approved by the Second Circuit in *Gerber* and by Judge Cote in the FHFA cases, and is more generous to the Non-Settling Defendants than the approach approved by the Ninth Circuit in *Franklin* and by Judge Lungstrum in *Aks*.[9] It is fair and reasonable.

## II. The Courts Should Jointly Issue the Proposed Contribution Bar Order

The Settling Parties respectfully request that the Courts issue the Proposed Order jointly in all of the pending cases that it may potentially affect – the *Barclays Kansas Action*, the *Barclays New York Action*, the *RBS Kansas Action*, and the *Goldman California Action*. Doing so will leave a clear record that the contribution bar was approved by a court with jurisdiction over each relevant party and that all parties (including RBS, Fremont, and Goldman) had a full opportunity to be heard and to raise any concerns about the Proposed Order that they may have. It is also consistent with the Courts' previous practice in this litigation of coordinating matters such as discovery rulings under the Master Discovery Protocol in order to "secure the just,

---

[8] Under Section 11, the Non-Settling Defendants would have contribution claims against Barclays at most for the amount of damages attributable to Barclays' proportionate fault with respect to the Overlapping Securities. *See, e.g., Smith v. Mulvaney*, 827 F.2d 558, 560-61 (9th Cir. 1987) (adopting proportionate fault rule for contribution for Rule 10b-5 actions after analysis of statutory language of § 11). Under the Kansas Blue Sky law, the Non-Settling Defendants would have no right of contribution against Barclays. The right of contribution under the Kansas Blue Sky law extends only to "any other person liable under this section for the same conduct," Kan. Stat. Ann. § 17-12a509(h), and the prohibited conduct is the sale "by means of an untrue statement of material fact," *id.* § 17-12a509(b). Barclays did not sell the Overlapping Securities and is therefore not a possible defendant under the Kansas Blue Sky law contribution provision.

[9] *Compare Gerber*, 329 F.3d at 302-05 (greater of proportionate fault or amount of settlement) *and supra* note 6 (same), *with Franklin*, 884 F.2d at 1231-32 (proportionate fault) *and Aks*, 1992 WL 401708, at *17 (same).

speedy, and inexpensive determination of [these] . . . proceedings." Fed. R. Civ. P. 1; *accord* MDP at 3.

All three Courts have authority to issue the Proposed Order on a joint, coordinated basis; there is no need for Barclays to intervene in either the *RBS Kansas Action* or the *Goldman California Action* in order to seek such relief. NCUA is a party to all relevant cases and has a clear and legitimate interest in seeking a contribution bar order in order to facilitate the settlement of its claims against Barclays. Indeed, the Ninth Circuit's *Pinnacle West* case approved the entry of an order barring contribution and indemnity claims against a non-party, relying on the non-party's role as a "critical participant and contributor to the overall settlement" and on the district court's employment of a "proportionate" judgment offset like the one here. 51 F.3d at 197. Those same circumstances are present here and justify the same result. If, however, the Courts conclude that it is necessary or would be preferable for Barclays to intervene, Barclays will file a motion to do so promptly.[10]

### III. The Settlement Amounts for Specific Certificates Should Be Kept Confidential

Certain terms of the settlement agreement are confidential because they disclose the amounts of the settlement allocated to specific RMBS Certificates (the "Confidential Schedule"). The amounts involved in a settlement are of great concern to parties who are negotiating a

---

[10] The Tenth Circuit's decision in *Geldermann*, held that the FDIC was not an appropriate real party in interest to seek an order barring non-settling defendants from asserting contribution or indemnity claims against settling defendants where not all of the defendants were parties to the same case. *See* 975 F.2d at 698-700. *Geldermann* is distinguishable from the present case because the terms of the judgment credit provision, *see supra* pp. 6-7, prevent any potential prejudice to the Non-Settling Defendants; thus, it is not the case here, as it was in *Geldermann*, that the non-settling parties have "nothing to win and everything to lose." 975 F.2d at 698. In any event, *Geldermann* left open the possibility that the defect could be cured if the settling parties intervened. *See id.* at 699 n.5. As discussed above, Barclays is prepared to do so here if the Courts find it necessary.

compromise to pending litigation; extending confidentiality to such amounts should thus be encouraged by courts to facilitate and foster settlement. *See, e.g., Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004) (explaining that there is no established presumption of access with respect to information contained in confidential settlement agreements that are not filed with the court and that "honoring the parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage"); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (recognizing that district courts "have the authority to grant protective orders for confidential settlement agreements"). Accordingly, district courts are empowered to prevent access to confidential information relating to settlements "when necessary to encourage the amicable resolution of disputes." *City of Hartford v. Chase*, 942 F.2d 130, 135 (2d Cir. 1991).

Here, the information on the Confidential Schedule is a key part of the settlement. If that information were disclosed, it could prejudice NCUA's ability to litigate and negotiate claims against other defendants, or Barclays' ability to litigate and negotiate claims brought by other plaintiffs. Any interest of defendants in other lawsuits involving NCUA's RMBS litigation or of the public in obtaining access to the Confidential Schedule is significantly outweighed by the Settling Parties' right to maintain the terms of the settlement in confidence. Accordingly, the Proposed Order contains an appropriate request that the allocations in the settlement be made subject to a protective order of the Courts. Ex. A, at 5.

To be sure, disclosure of information about the specific amounts allocated to the Overlapping Securities may become necessary to give effect to the judgment credit provisions of the Proposed Order. The Proposed Order accounts for this possibility by permitting disclosure of the Confidential Schedule "upon order of a court of competent jurisdiction upon a showing of

- 9 -

good cause," *id.*, which would include any situation in which a Non-Settling Defendant becomes entitled to a judgment credit. That proposal reasonably protects the interests of all parties.

## CONCLUSION

The Settling Parties respectfully request that the Courts enter the Proposed Order.

Dated: November 2, 2015

*[signature]*

David H. Wollmuth
Frederick R. Kessler
Steven S. Fitzgerald
Ryan A. Kane
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue, 12th Floor
New York, NY 10110
Tel: (212) 382-3300
Fax: (212) 382-0050
dwollmuth@wmd-law.com
fkessler@wmd-law.com
sfitzgerald@wmd-law.com
rkane@wmd-law.com

David C. Frederick
Wan J. Kim
Gregory G. Rapawy
Andrew C. Shen
KELLOGG, HUBER, HANSEN, TODD,
EVANS & FIGEL, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, DC 20036
Tel: (202) 326-7900
Fax: (202) 326-7999
dfrederick@khhte.com
wkim@khhte.com
grapawy@khhte.com
ashen@khhte.com

George A. Zelcs
Korein Tillery LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel: (312) 641-9760
Fax: (312) 641-9751
gzelcs@koreintillery.com

Stephen M. Tillery
Steven M. Berezney
Korein Tillery LLC

Respectfully submitted,

*[signature]*

Barry Fischer
THE BARRY FISCHER LAW FIRM LLC
555 Fifth Avenue, Suite 1700
New York, NY 10017
Tel: (212) 840-9300
Fax: (212) 682-7060
bfischer@bflf-us.com

*Attorneys for Defendant Barclays Capital Inc.*

- 12 -

505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Tel: (314) 241-4844
Fax: (314) 241-3525
stillery@koreintillery.com
sberezney@koreintillery.com

*Attorneys for Plaintiffs*
*National Credit Union Administration Board*